IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAVID MICHAEL MASDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-CV-00267-MDH |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff David Masden's appeal of Defendant Social Security Administration Commissioner's ("Commissioner") denial of his application for disability insurance benefits under the Social Security Act (the "Act"). Plaintiff exhausted his administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's (ALJ) decision did not comport with the legal standards required by SSR 96-8p and the decision is reversed and remanded.

## BACKGROUND

Plaintiff filed his application for SSI on August 17, 2017 (Tr. 11, 329-37). Plaintiff was born in 1965, and he alleged that he became disabled beginning December 31, 2008, due to bipolar disorder, post-traumatic stress disorder ("PTSD"), hearing problems, and emphysema (Tr. 11, 329, 388).

The ALJ found that Plaintiff had the following severe impairments: major depressive disorder psychosis, borderline intellectual functioning, bipolar disorder, and PTSD (Tr. 13). However, the ALJ found that he did not have an impairment or combination of impairments listed

1

in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1 (Tr. 14-17). The ALJ determined that Plaintiff retained the RFC to perform work at all exertional levels (Tr. 17). He could perform simple, routine, and repetitive tasks, which may require detailed instructions, but do not involve complex tasks (Tr. 17). He could work in an environment free of fast-paced production requirements and involves only simple work-related decisions with few, if any, workplace changes (Tr. 17). Plaintiff could occasionally interact with co-workers and supervisors but could not interact with the general public (Tr. 17). Relying on vocational expert testimony, the ALJ concluded that Plaintiff's impairments would not preclude him from performing his past relevant work and other work that exists in significant numbers in the national economy (Tr. 23-24). Consequently, the ALJ found Plaintiff not disabled (Tr. 24).

**STANDARD**

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the

Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a deficiency in opinion writing is not enough to merit reversal where it has no practical effect on the outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

## DISCUSSION

Plaintiff argues that the decision of the ALJ that Plaintiff was not under a disability as defined by the Act at any time through May 1, 2019, is not supported by the substantial evidence nor based upon correct legal standards. Defendant generally argues that the ALJ properly evaluated the medical record and gave appropriate consideration and weight to the medical opinions in this case. However, the Court need not conclude in this case whether the ALJ's opinion was supported by substantial evidence—as Plaintiff points out, Defendant is generally silent on whether or not the ALJ followed the correct legal standards. *See Mason v. Barnhart*, 406 F.3d 962, 964 (8th Cir. 2005) (the Court's review is not just to determine whether the ALJ's decision is supported by the substantial evidence of the record as a whole, but also to determine whether the ALJ followed the correct legal standards.).

In particular, Plaintiff argues that the ALJ did not comply with SSR 96-8p and that this constitutes reversible error. SSR 96-8p requires the ALJ to explain how any material inconsistencies or ambiguities in the evidence were considered and resolved. If the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p. The ALJ relied on the opinions of Dr. Sullivan to establish the RFC, finding them "persuasive." (Tr. 22). Dr. Sullivan opined, in pertinent part, that Masden can adapt to gradual, predictable changes, and would need more time to learn new information or tasks. (Tr. 209). The ALJ, however, did not include any limitation in the RFC permitting additional time to learn new information and tasks nor that any changes in the workplace would need to be gradual and predictable. (Tr. 17). The ALJ did not explain why, having found Dr. Sullivan's opinions "persuasive," she did not include these limitations in the RFC. See *Crews-Cline v. Colvin*, No. 4:13-CV-00723-NKL, 2014 WL 2828894 (W.D. Mo. June 23, 2014) (finding that ALJ who gave opinion "great weight," but then failed to explain why parts of the RFC are inconsistent with that opinion constitutes reversible error); *Neeley v. Berryhill*, 2017 WL 4074614 (W.D. Mo. Sept. 14, 2017) (same); *Winsea v. Colvin*, Case No. 4:15-CV-00385-ODS-SSA, 2016 WL 1688018 (W.D. Mo. Apr. 27, 2016) (same); *Porter v. Berryhill*, No. 4:17-CV-00072-NKL, 2018 WL 1183400 (W.D. Mo. Mar. 7, 2018) (same).

Dr. Sullivan also opined that Masden was moderately limited in the ability to understand, remember, and carry out detailed instructions, but could understand and remember simple instructions. Masden was moderately limited in the ability to make simple, work-related decisions and should be limited to carrying out simple, short-cycle, repetitive tasks. (Tr. 208). The ALJ permitted Masden to carry out tasks requiring detailed instructions. (Tr. 17). This is contrary to Dr. Sullivan's opinions that Masden could only understand, remember, and carry out simple

4

Case 4:20-cv-00267-MDH   Document 26   Filed 07/27/21   Page 4 of 6

instructions and/or tasks. The ALJ, relying on the testimony of a vocational expert (VE), found that Masden could perform other work as a tumbler operator (DOT 369.685-034), laundry worker (DOT 361.684-014), and spool winder (DOT 619.485-010). (Tr. 24, 171). Had the ALJ included a limitation against carrying out detailed instructions, all three jobs identified by the VE would be excluded. (DOT 369.685-034, 361.684-014, 619.485-010). Plaintiff argues that the ALJ should have at least explained why she permitted detailed instructions per SSR 96-8p.

The Court finds that the ALJ's failure to explain why they did not include any limitation in the RFC permitting additional time to learn new information and tasks nor that any changes in the workplace would need to be gradual and predictable is a reversible error pursuant to SSR 96-8p. Similarly, the Court agrees that the ALJ under 96-8p should have explained why they permitted Masden to carry out tasks requiring detailed instructions when the medical record opined that Masden was moderately limited in the ability to do so. This also requires reversal and remand.

Lastly, Dr. Sullivan also opined that Masden had moderate limitations in the ability to interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; and get along with co-workers or peers without distracting them or exhibiting behavioral extremes. Masden could interact on an infrequent basis with supervisors, coworkers, and the public. (Tr. 209). Masden had the same limitations with respect to all three – supervisors, coworkers, and the public in Dr. Sullivan's opinion. The ALJ precluded all interaction with the general public but permitted occasional interaction with coworkers and supervisors. (Tr. 17). The ALJ did not explain why she would not preclude all interaction with coworkers and supervisors as she did with the general public. SSR 96-8p requires the ALJ to explain how any material inconsistencies or ambiguities in the evidence were considered and resolved.

5

Case 4:20-cv-00267-MDH   Document 26   Filed 07/27/21   Page 5 of 6

Defendant argues that the ALJ included greater limitations in interacting with the general public based on the "persuasive" 2012 opinion of M.S. Epperson (Tr. 209). Dr. Sullivan's opinion of "infrequent interaction", Defendant argues, was consistent with the ALJ's limitation to occasional interaction and did not preclude all interaction as Plaintiff suggests (Tr. 17) and including greater limitations into the RFC than warranted by the medical opinion is not a reversible error. The Court agrees that the ALJ's differential treatment regarding Masden's ability to interact with the general public versus coworkers and supervisors was not a reversible error.

## CONCLUSION

Accordingly, it is **ORDERED** that the case be remanded for a new administrative hearing and the Commissioner's determination denying Plaintiff's application for disability insurance benefits is reversed. On remand, the ALJ is required to comply with SSR 98-6p with respect to explaining why limitations regarding (1) Masden's ability to adapt to gradual, predictable changes, and need for more time to learn new information or tasks; and (2) Masden's purported ability to carry out tasks requiring detailed instructions conflicts with the adopted medical opinions.

**IT IS SO ORDERED.**

Dated: July 27, 2021   /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**